**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

R. J. McCANNA,

    Plaintiff,

v.                                                            No. MC 07-014 JH

JACQUELINE SENA, Internal Revenue
Service Officer; THE UNITED STATES,
INTERNAL REVENUE COMMISSIONER,
United States; HOMECOMINGS FINANCIAL,
Custodian of Records; WORLD SAVINGS
BANK, Custodian Of Records,

*Consolidated with*

R. J. McCANNA,

    Plaintiff,

v.                                                            No. MC 08-027 JH

JACQUELINE SENA, Internal Revenue
Service Officer; THE UNITED STATES,
INTERNAL REVENUE COMMISSIONER,
United States; WACHOVIA, Custodian of Records;
TRACY HENSON, Wachovia Operation Work Leader;
WORLD SAVINGS BANK FSB, Custodian Of Records,

    Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

This matter came before the Court on (i) R.J. McCanna's two pro se petitions to quash summonses issued by the Internal Revenue Service ("IRS") to two third-party record keepers[1], which he brings pursuant to 26 U.S.C. § 7609(b)(2), *see* 07mc014 (Doc. 1); 08mc027 (Doc. 1), and which I consolidated on July 25, 2008, *see* 07mc014 (Doc. 11); 08mc027 (Doc. 3); and (ii) on the

---

[1] Although McCanna also names Wachovia as a Defendant custodian of records in his second petition, it appears that the records sought from this bank are those held by the World Savings Bank FSB, and McCanna references only the summonses issued to Homelands Financial and World Savings Bank. *See* 08mc027, Doc. 1 at 2.

United States' motion to dismiss McCanna's first petition to quash summonses issued to Homecomings Financial and World Savings Bank for lack of subject-matter jurisdiction, *see* 07mc014 (Doc. 3). Because the United States has sovereign immunity against suit in the circumstances of this case, and the Court lacks subject-matter jurisdiction for purposes of either quashing or enforcing the summonses issued to them, both petitions must be dismissed.

As a preliminary matter, I agree with the United States that it must be substituted as the only proper Respondent in this case. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."), *Abell v. Sothen*, No. 214 Fed. Appx. 743 (10th Cir. 2007) (affirming the district court's holding that the only proper party in a suit seeking to quash an IRS summons was the United States); *Pilchesky v. United States*, No. 3:08-MC-0103, 102 A.F.T.R. 2d 2008-5001, 2008 WL 2550766, at *3 (M.D. Pa. Jun 23, 2008) ("In 26 U.S.C. § 7609, Congress provided a limited waiver of sovereign immunity, consenting to petitions to quash summonses, but the only proper respondent in such actions is the United States, not the IRS or IRS agents.").

"If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

> Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citations

omitted).  McCanna has attached to his Petitions only the summonses for Homecomings Financial and World Savings Bank.  *See* 07mc14, Doc. 1, Exs. A, B.  Both record-keepers have been summonsed to appear in Albuquerque, New Mexico and to produce records related to mortgages and/or accounts belonging to McCanna.  *See id.*

The United States has submitted an affidavit by IRS Revenue Officer Jaqueline Sena.  *See* 07mc014, Doc. 3, Att. 1.  In the affidavit, Officer Sena swears that McCanna has a past-due assessed tax liability of almost $75,000 and that she issued the summonses to the third-party record-keepers for purposes of determining what assets McCanna owns that may be used to help pay his tax liability.  *See id.* Att. 1 at 1.  She states that no notice was given to McCanna pursuant to 26 U.S.C. § 7609(c)(2)(D).  *See id.*  She also swears that she has made no referral of McCanna to the IRS Criminal Investigation unit and that "research on our computer system does not indicate there is an outstanding investigation pending."  *Id.*  McCanna's affidavit does not contradict or conflict with Sena's affidavit, and he also has not submitted any documents or other evidence to controvert her sworn statements.  Rather, he only contends in his briefing that the IRS has "decided in an 'institutional sense' to prosecute Petitioner criminally," and speculates that the IRS is "attempting to use these summonses for the impermissible purpose of gathering evidence solely for a criminal investigation."  07mc014, Doc. 9 at 2.

When an IRS summons issued to a third-party record-keeper requires "the production of any portion of records made or kept of the business transactions or affairs of any person . . . who is identified in the description of the records contained in the summons," then the person identified as the taxpayer in the summons is generally entitled to notice of the summons, *see* 26 U.S.C. § 7609(a)(1), subject to several express exceptions.  But the IRS is ***not*** required to give notice of the summons to the taxpayer identified in the summons if "it is in aid of the collection of [] the liability

3

of any person against whom an assessment has been made or judgment rendered . . . ." 26 U.S.C. § 7609(c)(2)(D)(i).  26 U.S.C. § 7609(b) provides certain limited circumstances in which a person may intervene in a third-party IRS summons and file a motion to quash, but this statute waives the sovereign immunity of the United States against such a suit *only* for petitions brought by persons who are statutorily entitled to notice of the summons.  *See* 26 U.S.C. § 7609(b)(2).  Thus, if a summons is issued in aid of collection, no notice is required, sovereign immunity has not been waived, and the district court does not have subject-matter jurisdiction over a petition to quash the summons.  *See Pflum v. United States*, No. 97-3040, 1997 WL 606909, *1 (10th Cir. Oct. 2, 1997) (unpublished) (holding that "a court has no subject matter jurisdiction over [a petition to quash IRS summons] if the summons was issued 'in aid of the collection of [ ] the liability of any person against whom an assessment has been made or judgment rendered.'") (citation omitted); *Davidson v. United States*, No. 97-1244, 1998 WL 339541, *1 (10th Cir.  June 09, 1998) (unpublished) (accord).  Here, because it is undisputed that the IRS summonses were issued in aid of the collection of McCanna's assessed taxes, he was not entitled to notice and this Court does "not have subject matter jurisdiction to consider [his] petition."  *Id.* at *2; *see Barmes v. United States*, 199 F.3d 386, 390 (7th Cir. 1999) (holding that the notice exception found in § 7609(c)(2)(D) applies "to every summons issued to aid in collection even if that is not its exclusive purpose," and adopting the Tenth Circuit's analysis in *Davidson*). Therefore, the Court will dismiss  both of McCanna's petitions to quash the IRS summonses for lack of subject-matter jurisdiction.

The Court will not, however, grant the United States' request that it enforce the IRS summonses and the dismissals shall be without prejudice.  First, the Court should not issue substantive rulings once it determines it has no subject-matter jurisdiction over a petition.  The United States has not filed a separate petition for enforcement against the record-keeping entities

named in the summonses and, further, it has inconsistently contended in its briefing that neither Homecomings Financial nor World Savings Bank resides or may be found in New Mexico – although the summonses require both entities to appear in New Mexico to give testimony and produce records.  *See* 26 U.S.C. § 7609(h) ("The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."); 26 U.S.C. § 7604(a) ("If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data."). The United States has therefore not established the Court's jurisdiction over an enforcement proceeding against Homecomings Financial or World Bank.  In *Pflum*, the Tenth Circuit held that, when the residency of the summonsed third-party record-keeper had not been established in the district in which the petition to quash the summons was filed but the court dismissed the petition for lack of subject matter jurisdiction, the dismissal must be without prejudice.  *See Pflum*, 1997 WL 606909, *1-*2.

**IT IS ORDERED** that the United States' Motion to Dismiss in 07mc014 [Doc. 3] is granted in part and denied in part and that McCanna's Petitions to Quash Summonses in 07mc014 [Doc. 1] and 08mc027 [Doc. 1] are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE